IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEASHA H., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:23-cv-01256-N-BT |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Leasha H.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. For the reasons explained below, the District Judge should AFFIRM the Commissioner's decision.

## Background

Plaintiff, proceeding *pro se*, alleges that she is disabled due to a variety of physical and mental impairments, including major depression, anxiety, schizophrenia, and osteoarthritis. Compl. 1 (ECF No. 6); Pl.'s Br. 1 (ECF No. 20). She filed for disability insurance benefits (DIB) and for

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

supplemental security income (SSI) on April 21, 2020, alleging a disability onset date of April 17, 2018. Tr. 13. After her application for DIB and SSI was denied initially and on reconsideration, an Administrative Law Judge (ALJ) held an administrative hearing on November 3, 2022. *Id.* On January 11, 2023, the ALJ issued a decision finding that Plaintiff had not been under a disability within the meaning of the Social Security Act from April 17, 2018, through the date of the decision. Tr. 28-29. Thus, the ALJ found Plaintiff was not entitled to DIB or SSI. *Id.*

In her written decision utilizing the five-step sequential evaluation,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of April 17, 2018. Tr. 16. The ALJ also found that Plaintiff suffered from osteoarthritis of the bilateral ankles, obesity,

---

[2] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

major depressive disorder, and schizoaffective disorder, but she did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. Tr. 19-22. The ALJ then determined that Plaintiff had the Residual Functional Capacity (RFC) to perform sedentary work with additional non-exertional limitations. Specifically, the ALJ found:

> [Plaintiff] can lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently. She can stand and/or walk for about 2 hours in an 8-hour workday. She can sit for about 6 hours in an 8-hour workday. She can understand, remember, and carry out simple tasks. She can make simple work-related decisions or judgments. She can maintain attention, concentration, and pace sufficiently to perform simple work tasks. She can tolerate occasional workplace changes. She can have frequent, but not constant, interaction with the general public.

Tr. 22. The ALJ further determined that Plaintiff had no past relevant work. Tr. 27. Finally, relying on the testimony of a vocational expert, the ALJ determined that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy, including work as a final assembler, a sorter, and a document preparer. Tr. 27-28.

Plaintiff appealed the ALJ's decision to the Appeals Council, but the Appeals Counsel denied review. *See* Tr. 1. Plaintiff then filed this action in federal district court, seeking judicial review of the ALJ's final decision. *See* Compl. (ECF No. 6).

**Legal Standards**

Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and whether the proper legal standards were utilized. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)).

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not

required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005) (per curiam)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010) (per curiam)).

## Analysis

Plaintiff does not present any argument that the ALJ's decision is not supported by substantial evidence or that the ALJ did not apply proper legal standards. Instead, Plaintiff generally urges the Court to approve her disability claim because she suffers from mental and physical impairments that prevent her from completing "the type of work [she] was doing" prior to her impairments. Compl. 1 (ECF No. 6). As set forth above, however, the

court is not permitted to reweigh the evidence, try the issues *de novo*—that is, from the beginning, or substitute its own judgment for the ALJ's decision. *Greenspan*, 38 F.3d at 236.

In its brief, the Commissioner methodically reviews the ALJ's thorough and well-reasoned decision and highlights the substantial evidence supporting the ALJ's decision that Plaintiff is not disabled. Plaintiff fails to controvert any of the Commissioner's arguments. *See generally,* Def. Br. (ECF No. 22). Accordingly, the District Judge should affirm the Commissioner's decision.

Liberally construing Plaintiff's handwritten submissions, she appears to challenge the ALJ's decision based on an alleged failure to consider evidence related to Plaintiff's mental health care treatment received at Lakes Regional MHMR Center. Compl. 1 (ECF No. 6); *see also* Pl.'s Br. 1 (ECF No. 20) (Plaintiff stating in support of her need for disability benefits that she "has been diagnosed with major depression, anxiety and schizophrenia through Lake Regional MHMR"). For the following reasons, the Court finds the ALJ did not err, as Plaintiff alleges, and even if the ALJ did err in failing to consider evidence related to her mental health treatment at Lakes Regional, such error was harmless.

I.   The ALJ did not commit error, as alleged by Plaintiff.

The administrative record reflects that the ALJ considered the medical evidence related to Plaintiff's treatment at Lakes Regional MHMR Center.³ This evidence includes three sets of treatment records documenting various mental and physical examinations. *See* Tr. 768-784, 1094-1257, 1258-1260. The ALJ cites each of these treatment records throughout her decision and acknowledges the mental health diagnoses Plaintiff refers to in her brief. For example, at step three in the analysis, the ALJ writes that in May of 2018 Plaintiff was prescribed Lexapro and encouraged to remain sober. Tr. 17. The ALJ then cites to a treatment record from Lakes Regional, stating that "[a] few months later, her practitioners added schizoaffective disorder to her list of diagnoses[.]" Tr. 17. Later in the decision, the ALJ cites the treatment records to explain that "[u]pon mental status examinations, [Plaintiff's] mood was observed to be dysphoric and anxious." Tr. 23. The ALJ again cites to and summarizes the

---

³ Plaintiff does not allege that there is new medical evidence from Lakes Regional Center that was not presented to the ALJ. However, even if Plaintiff had alleged new medical evidence of her mental health diagnoses, remand would not be warranted. District courts will remand a case for consideration of new, *material* evidence—evidence that might have changed the ALJ's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 97–102 (1991); *McKenzie v. Astrue*, 442 F. App'x 161, 162 (5th Cir. 2011). Plaintiff does not allege that any new medical evidence from the center contradicts the treatment records already thoroughly considered by the ALJ.

relevant treatment records at step five in the analysis, stating "[f]rom a mental health standpoint, at times, she sought and received treatment from mental health professionals and was prescribed and took appropriate medications such as Lexapro, Escitalopram, Trazodone, Olanzapine, Risperidone, and Zoloft[.] However, she did not take her medications as prescribed[.]" Tr. 24. These examples represent a small fraction of the number of times the ALJ cites to and specifically explains her consideration of the Lakes Regional medical evidence. Accordingly, the record plainly refutes Plaintiff's ground of error relying on a failure to consider such evidence.

II. <u>Even if the ALJ committed error, such error was harmless.</u>

In the Fifth Circuit, harmless error "exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. Nov. 28, 2006) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)). Thus, in order to establish prejudice warranting remand, Plaintiff would have to show that the ALJ's decision "might have been different had [s]he . . . properly considered [medical evidence from Lakes Regional MHMR Center]." *Crystal G. v. Kijakazi*, WL 4001148, at *1 (N.D. Tex. Aug. 16, 2022), <u>report and recommendation adopted,</u> 2022 WL 4002902 (N.D. Tex. Aug. 31, 2022) (citing *Bornette*, 466 F. Supp. 2d at 816).

Plaintiff does not provide any argument or point to any evidence showing that the ALJ might have decided differently if she had considered any additional medical evidence. Plaintiff does not allege that any medical record from the Lakes Regional MHMR Center contradicts evidence considered by the ALJ or the ALJ's ultimate findings.

Accordingly, the District Judge should conclude that substantial evidence supports the Commissioner's decision and remand is not warranted.

## Recommendation

Because the ALJ applied the correct legal standards, and substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act, the District Judge should AFFIRM the hearing decision in all respects.

**SO RECOMMENDED.**

July 29, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).